3 Bl. Comm. 216; Ld. Raym. 486; Wood, Inst. 538; Cro. Car. 366; 2 Show. 327; Strange, 1167; 12 Mod. 342; 16 Vin. 23.

E. J. Lee and Mr. Swann, contra, cited 4 Bl. Comm. 168; 1 Hawk. c. 75, § 12; 3 Bl. Comm. 219; Id. 5; 1 Hawk. c. 75; 3 Atk. 21; 12 Mod. 510; 3 Atk. 750; 1 Fonbl. 21, 29, 30; 4 Brown, Ch. 165; 2 Ves. Jr. 42; 16 Vin. 23; 2 Har. Ch. 237.

Mr. Jones, for plaintiffs, cited Fran. Max. 30; 1 Burrows, 334; 6 Mod. 145; Bac. Abr. tit. "Nuisance."

The injunction was dissolved without costs (nem. con.).

THE COURT said, if the house in fitting up, should not be well secured against danger from fire, it might be the ground of an injunction to prevent the use of it as a bake-house.

RAMSAY (TRAVERS v.). See Case No. 14,152.

RAMSAY (UNITED STATES v.). See Case No. 16,115.

## Case No. 11,545.

### RAMSAY v. WILSON.

[1 Cranch, C. C. 304.][1]

Circuit Court, District of Columbia. May 10, 1806.

PRACTICE IN EQUITY— MOTION TO DISSOLVE INJUNCTION—TERM.

Notice of motion to dissolve an injunction, given on the first day of the term, is notice of a motion to be made at the next term.

Bill for injunction. Injunction granted out of court. The defendant's answer was filed on the first day of this term, 25th November, 1805, and indorsed "notice to dissolve."

E. J. Lee, for defendants, now (May, 10, 1806, being November term adjourned,) moved to dissolve.

THE COURT stopped him, and said the notice was not to this, but to the next term, and refused to hear it now.

RAMSDELL (COX v.). See Case No. 3,305.

## Case No. 11,546.

### RAMSEY et al. v. HERNDON.

[1 McLean, 450.][2]

Circuit Court, D. Indiana. May Term, 1839.

JUDGMENT—RES JUDICATA—TRIAL ON MERITS.

1. Where a verdict has been rendered against the plaintiff, and a judgment thereon has been

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

entered, it is a bar to a suit for the same cause of action.

[Cited in Gray v. Gillilan, 15 Ill. 456, 458; Greenup v. Crooks, 50 Ind. 420. Cited in brief in Stevens v. Hughes, 31 Pa. St. 382.]

2. And a replication that the evidence was wholly insufficient to establish the claim, or that no evidence was offered or received by the court, will not avoid the bar.

[Cited in brief in Ford v. Hennessy, 70 Mo. 582; Spradling v. Conway, 51 Mo. 52. Cited in Vanlandingham v. Ryan, 17 Ill. 28.]

3. The plaintiff should have suffered a non suit, or moved for a new trial.

At law.

Mr. Ingram, for plaintiffs.

Mr. Howard, for defendant.

HOLMAN, District Judge. This is an action on the case founded on promises. The declaration alleges that the defendant made his certain note in writing, bearing date the 12th day of September, 1833, and thereby promised to pay the plaintiffs [Ramsey & Vattier], ninety days after date, the sum of $1,279.77 at the office of the Bank of the United States at Cincinnati, yet he had not paid, &c. The defendant pleads non assumpsit. And also that the plaintiffs heretofore instituted a suit against him in the Tippecanoe circuit court, for not performing the same identical promises and undertakings which are set forth in the declaration in this case; on which an issue of non assumpsit was joined. Which issue was tried by a jury regularly impanneled in said court, and a verdict found for the defendant. And a judgment thereon rendered in his favor for costs, &c. That said judgment remains in full force, &c. The plaintiffs reply to this plea, "that the promises and undertakings in the plaintiffs' declaration were not, nor was any part thereof before the jury as evidence in the trial of the cause mentioned in the defendant's said plea." To this replication the defendant demurs.

The question for our decision is whether under these circumstances, the plaintiffs are now barred from maintaining this action. The general principle of law, "Nemo bis vexari pro eadem causa," seems not to be controverted. That wherever a matter of litigation has been once adjudicated and determined by a competent tribunal, it precludes another action for the same demand. And this principle prevails, where a different form of action is resorted to in the second instance. As was the case in Cutter v. Cox, 2 Black [67 U. S.] 170. And Kitchen v. Campbell, 3 Wils. 304. Where the same evidence is required to support both actions, the decision of the one is a bar to the other, although the forms of the actions differ, and one is in tort, and the other in contract. It seems to be admitted by the plaintiffs, that if their evidence had been before the jury in the former action, that the judgment in that action, would have been a bar to this. But they contend inasmuch as they gave no evi-